APPENDIX "A"

Roy B. SCRIVNER, Petitioner–Appellant,

v.

Robert J. TANSY, Warden, New Mexico State Penitentiary; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 94–2271.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 1995.

1236

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, New Mexico, for Respondents–Appellees.

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Petitioner–Appellant Roy B. Scrivner appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253[2] and affirm.

## I

On the night of March 15, 1982, the Griswold Trading Post, operated by the Griswold family and located within the exterior boundaries of the Navajo reservation, was robbed by three men and one woman. To effectuate the robbery, the Griswolds were accosted in their home across the street where three of them were tied up at gunpoint. Mr. Griswold was then escorted to the store where he opened the safe. The robbers took almost $10,000.

Scrivner was not at the scene and was never identified by any of the victims as one of the assailants. However, one identified assailant, William Johnson, admitted the robbery and informed investigators that Scrivner talked over the plans before the robbery with "Preacher," one participant. ROA Vol. II, Trial Tr. at 151, 154–55, 158. Johnson said that Scrivner did not participate in the robbery but drove the people out there and waited in the van until the robbery had been committed. *Id.* at 155. Johnson was the only prosecution witness at Scrivner's trial who identified Scrivner as a participant in the crime.

Roger A. Finzel, Assistant Federal Public Defender, Albuquerque, New Mexico, for Petitioner–Appellant.

1. The Appellant has requested oral argument. However, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The district court denied Scrivner a certificate of probable cause. This court has issued the certificate.

The only physical evidence presented at trial which linked Scrivner to the robbery was two walkie-talkies. Scrivner's business partner, Cliff Harper, testified Scrivner had told him he had the walkie-talkies. *Id.* at 278. Mr. Griswold testified that the robbers used a walkie-talkie to communicate with another party, *id.* at 35, who was identified by Johnson as Scrivner, who acted as the lookout, *id.* at 81. Mrs. Griswold testified Scrivner had been in the store for a few minutes three days before the robbery and had left without purchasing anything. *Id.* at 26. Scrivner did not deny that his van, which was used as the shop van, *id.* at 233–34, was at the scene. Scrivner stated he had loaned the van to Johnson, and Johnson said he wanted to move some furniture. *Id.* at 232–33.

The jury convicted Scrivner of one count of armed robbery, one count of conspiracy to commit armed robbery, one count of kidnapping, and three counts of false imprisonment. He was sentenced to two consecutive ten-year terms of imprisonment plus two years' parole on counts I and III.[3] Sentences on the other counts were imposed to run concurrently with the two ten-year terms.

The New Mexico Court of Appeals affirmed Scrivner's conviction and the New Mexico Supreme Court denied certiorari. Scrivner later filed state petitions for habeas corpus which were denied. Respondent admits Scrivner has exhausted his state court remedies and is not procedurally barred from raising any of the issues identified in his current federal petition.[4]

In his federal habeas petition, Scrivner raised six issues. He alleged (1) the evidence was insufficient to support his convictions; (2) his due process rights were violated by prosecution references to other crimes; (3) his right to present mitigating evidence was denied because he was sentenced immediately after the trial; (4) the state court lacked jurisdiction over him because he is a Native American and the offenses were committed on the reservation; (5) the state court

lacked jurisdiction to try him because he was arrested in Arizona by New Mexico authorities who had no arrest warrant; and (6) he received ineffective assistance of counsel because counsel did not raise the jurisdictional issue of his Native American ancestry to the trial court. On appeal, Scrivner additionally argues the district court erred in not holding an evidentiary hearing to determine whether his due process rights were violated when the state trial court denied his motion for a continuance of the sentencing hearing.

## II

■■■ "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins,* 506 U.S. 390, ——, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). Further, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

■■■ Thus, in federal habeas proceedings we review conclusions of law *de novo,* while granting a presumption of correctness to the state court's factual findings unless they are not fairly supported by the record. *Hatch v. Oklahoma,* 58 F.3d 1447, 1453 (10th Cir. 1995). In this circuit, we review mixed questions of law and fact *de novo. Id.; but see Wright v. West,* 505 U.S. 277, 294–95, 112 S.Ct. 2482, 2491–92, 120 L.Ed.2d 225 (1992) (declining to announce a standard for habeas review of the state court's application of the law to the facts).

Scrivner argues the evidence was insufficient to support his conviction because the evidence against him consisted solely of uncorroborated and inherently incredible accomplice testimony. He asserts the evidence that the business walkie-talkies were used in the robbery was not corroborating because anyone could have had access to the walkie-talkies.

---

3. The sentences imposed on each count were for nine years with a one-year enhancement for possession of a firearm in the commission of the crime. ROA Vol. III at 130.

4. Scrivner has filed one prior federal habeas petition which was dismissed for failure to exhaust.

In reviewing a claim questioning the sufficiency of the evidence to convict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). "'To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt.'" *Kelly v. Roberts,* 998 F.2d 802, 808 (10th Cir.1993) (quoting *Beachum v. Tansy,* 903 F.2d 1321, 1332 (10th Cir.), *cert. denied,* 498 U.S. 904, 111 S.Ct. 269, 112 L.Ed.2d 225 (1990)).

This court has observed that the assumption that the testimony of an accomplice should seldom, if ever, be believed is not the law because it is the province of the jury to determine the credibility of witnesses. *United States v. Torres,* 53 F.3d 1129, 1140 (10th Cir.), *cert. denied sub nom. Aflleje–Torres v. United States,* — U.S. —, 115 S.Ct. 2599, 132 L.Ed.2d 845 (1995), and — U.S. —, 116 S.Ct. 220, 133 L.Ed.2d 150 (1995). "[A] jury may convict based on the uncorroborated testimony of a co-conspirator" so long as the testimony is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt. *Id.*

While in *Torres,* a direct criminal appeal, we held that a conviction based on accomplice testimony may be affirmed if the jury was properly instructed that such "testimony must be carefully scrutinized, weighed with great care, and received with caution," *id.* (citations omitted), that holding does not control here because that holding was not imposed as a constitutional requirement. The Constitution does not prohibit convictions based primarily on accomplice testimony. *See Takacs v. Engle,* 768 F.2d 122, 127 (6th Cir.1985) ("The Constitution says nothing about accomplice testimony."); *cf. Harrington v. Nix,* 983 F.2d 872, 874 (8th Cir. 1993) ("[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review."); *Llewellyn v. Stynchcombe,* 609 F.2d 194, 196 (5th Cir.1980) (state law requiring independent corroboration of accomplice testimony not controlling on collateral review by federal court).

Scrivner's alibi testimony as presented by various witnesses was contradictory. Scrivner points out that some of Johnson's testimony also varied from statements he had made earlier. The weight to be given Johnson's testimony and Scrivner's alibi testimony depends on the credibility given to the witnesses' testimony—a determination reserved to the jury. *Torres,* 53 F.3d at 1140. By his testimony, Johnson incriminated himself as well as Scrivner. While the adverse effect on Johnson's own penal interest is not dispositive, it is one factor entitled to some consideration. *See United States v. Gomez,* 810 F.2d 947, 954 & n. 8 (10th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2488, 96 L.Ed.2d 379 (1987).

Upon consideration of these factors and our review of the record, we are convinced that Johnson's testimony was sufficient, and was sufficiently corroborated by physical evidence, so that a rational trier of fact could find the essential elements of the crimes charged against Scrivner beyond a reasonable doubt.

## III

Scrivner next argues his due process rights were violated because, while testifying, Johnson made several references to other crimes he had been involved in with Scrivner. Our responsibility here is to ensure only that Scrivner "was afforded the protections of due process, not to exercise supervisory powers over the New Mexico state courts." *Nichols v. Sullivan,* 867 F.2d 1250, 1253 (10th Cir.), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989).

To prevail on this argument, Scrivner must show Johnson's remarks were "so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness essential to the concept of due pro-

cess." *Id.; see also Hopkinson v. Shillinger,* 866 F.2d 1185, 1197 (10th Cir.1989) ("[W]e will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law.").

We cannot say any constitutional error occurred. Johnson's statements were unsolicited, *see United States v. Copeland,* 51 F.3d 611, 616 (6th Cir.1995) (government is not responsible for unsolicited remarks), *cert. denied,* —— U.S. ——, 116 S.Ct. 199, 133 L.Ed.2d 133 (1995), although the prosecution did once invite further explanation of Johnson's statement. At that point, the court admonished the prosecution and the question was withdrawn. ROA Vol. II, Trial Tr. at 54. After other remarks were made, the court instructed the jury to disregard them. *Id.* at 57–58, 93.

█ Even if we were to conclude the references to other crimes was error, we would hold the error to be harmless. In a federal habeas case, the harmless error standard announced in *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946), would govern here, i.e., whether the error substantially and injuriously influenced the jury's verdict. *See Tuttle v. Utah,* 57 F.3d 879, 883 (10th Cir. 1995). In light of the entire record and looking at the totality of the evidence presented, *id.* at 884, we have no "grave doubt" that the error complained of here was harmless, *id.*

## IV

Scrivner next asserts his right to present mitigating evidence was denied because he was sentenced immediately after trial and because of the court's denial of counsel's motion for a continuance. For Scrivner to prevail on this issue, he must show he had a federal constitutional right to present mitigating evidence at sentencing. *Cf. Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir.1990) (to

prevail on federal habeas, petitioner must demonstrate violation of his constitutional or other federal right).

█ A trial court's failure to afford a defendant the right of allocution raises neither a jurisdictional nor a constitutional error cognizable in habeas.[5] *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *see also Segura v. Patterson,* 402 F.2d 249, 252–53 (10th Cir.1968), *rev'd on other grounds,* 403 U.S. 946, 91 S.Ct. 2280, 29 L.Ed.2d 856 (1971). The Supreme Court's opinions have repeatedly suggested that there is no comparable requirement outside the capital context for an individualized sentencing doctrine. *See Harmelin v. Michigan,* 501 U.S. 957, 995, 111 S.Ct. 2680, 2701–02, 115 L.Ed.2d 836 (1991). Similarly, no violation of a petitioner's Eighth Amendment or due process or equal protection rights occurs when the trial court does not consider mitigating factors during sentencing in a noncapital case. *See United States v. La-Fleur,* 971 F.2d 200, 211–12 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993).

█ Indeed, "the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative." *Woodson v. North Carolina,* 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). As Justice Kennedy has noted, as a general matter, the responsibility for fixing prison terms is properly within the province of legislatures, not courts. *See Harmelin,* 501 U.S. at 998, 111 S.Ct. at 2703 (Kennedy, J., concurring in part and concurring in the judgment). Because Scrivner had no constitutional right to an individualized sentence, no constitutional error occurred when the trial court denied Scrivner's motion for a continuance to prepare mitigating evidence for presentation at sentencing. Indeed, the trial court did permit Scrivner and his counsel to speak at sentencing, *see* ROA Vol. II, Trial Tr. at 323–25.

---

**5.** In *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961), the Court discussed the evolution of the common-law right to allocution, from its recognition as early as 1689 in English law, to its current inclusion in the Federal Rules of Criminal Procedure, Rule 32(a).

## V

Scrivner argues the state court lacked jurisdiction over him because he is of Native American ancestry and because the offenses were committed on the reservation. The state habeas court held an evidentiary hearing on this issue and concluded Scrivner was "not an Indian within the meaning of 18 U.S.C. § 1153, the Major Crimes Act." ROA Vol. I, tab 12, ex. O at 4.

It is true that the determination of whether a defendant is subject to § 1153 is one of federal law. *See United States v. Antelope*, 430 U.S. 641, 646 n. 7, 97 S.Ct. 1395, 1399 n. 7, 51 L.Ed.2d 701 (1977) (§ 1153 federal criminal jurisdiction applies to enrolled members of tribes whose official status has not been terminated by congressional enactment and who committed crimes within the confines of Indian country). For a criminal defendant to be subject to § 1153, the court must make factual findings that the defendant "(1) has some Indian blood; and (2) is 'recognized' as an Indian by a tribe or by the federal government." *United States v. Lawrence*, 51 F.3d 150, 152 (8th Cir.1995) (citing *United States v. Rogers*, 45 U.S. (4 How.) 567, 572–73, 11 L.Ed. 1105 (1846)); *cf. United States v. Torres*, 733 F.2d 449, 456 (7th Cir.) (jury instructed as to facts it must find before holding defendant was Native American), *cert. denied*, 469 U.S. 864, 105 S.Ct. 204, 83 L.Ed.2d 135 (1984).

While we review the district court's application of the facts to the law *de novo*, *Lawrence*, 51 F.3d at 152, as previously noted, "[u]nder 28 U.S.C. § 2254(d), state-court findings of fact 'shall be presumed to be correct' in a federal habeas corpus proceeding...." *Miller v. Fenton*, 474 U.S. 104, 105, 106 S.Ct. 445, 447, 88 L.Ed.2d 405 (1985) (quoting § 2254(d)). Upon review of the record tapes of the habeas evidentiary hearing, we conclude Scrivner had a full and fair hearing before the state court and the state court's findings are supported by the record in accord with § 2254. Because Scrivner was found not to be a Native American, the state court had jurisdiction to try him.

## VI

Scrivner next argues the state court lacked jurisdiction to try him because New Mexico authorities arrested him in Arizona without a warrant. Scrivner waived extradition to New Mexico after he was "rearrested" by Arizona authorities.

However, even if Scrivner had not waived extradition, no constitutional error would be present. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); *see also Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952) (court's power to try a person for a crime is not impaired because he was forcibly brought into court's jurisdiction); *cf. United States v. Alvarez–Machain*, 504 U.S. 655, 669–70, 112 S.Ct. 2188, 2196–97, 119 L.Ed.2d 441 (1992) (fact that defendant was abducted to United States from another nation does not prohibit his trial in United States for violations of United States criminal laws when Extradition Treaty was not violated by abduction).

Due process is satisfied when a defendant is convicted "after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards." *Frisbie*, 342 U.S. at 522, 72 S.Ct. at 512. The Constitution does not require a court to permit a properly convicted defendant to escape justice solely "because he was brought to trial against his will." *Id.*

## VII

Next, Scrivner argues he received ineffective assistance of counsel because counsel did not raise the jurisdictional issue of his Native American heritage to the trial court. To prevail on a claim of ineffective assistance of counsel, petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

We have already noted that a full and fair hearing on Scrivner's alleged status as a Native American resulted in a ruling against his claim. That being the case, we cannot see how counsel's alleged deficiency of not raising that issue earlier could prejudice Scrivner. Thus, the ineffectiveness claim on this point fails.

## VIII

Finally, Scrivner argues the federal district court should have held an evidentiary hearing to determine whether his due process rights were violated when the state trial court denied his request for a continuance of the sentencing hearing. If no facts are disputed and the issues can be resolved on the basis of the record and the law, no evidentiary hearing is required. *See Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir.1993).

Even if disputed issues of fact are raised, a habeas petitioner is entitled to a hearing in federal court only if he " 'did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding' " which resulted in reliable findings. *Coleman v. Saffle,* 912 F.2d 1217, 1230 (10th Cir.) (quoting *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963), *overruled in part, Keeney v. Tamayo–Reyes,* 504 U.S. 1, 5, 112 S.Ct. 1715, 1717–18, 118 L.Ed.2d 318 (1992)), *cert. denied,* 497 U.S. 1053, 111 S.Ct. 22, 111 L.Ed.2d 834 (1990); *see also Brecheen v. Reynolds,* 41 F.3d 1343, 1362–63 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995).

Our review shows the record was sufficient to resolve all the issues raised by Scrivner. The issue of whether Scrivner had a constitutional right to a continuance prior to sentencing was a legal one. No evidentiary hearing was necessary.

Accordingly, the decision of the district court denying Scrivner's petition for habeas relief is AFFIRMED.