UNITED STATES COURT OF APPEALS

**Filed 9/9/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　　　No.95-2288
　　　　　　　　　　　　　　　　)　　　(D.C. No. CR 94-611 JC)
JOSE MARIO MOYERS-SAENZ　　)　　　　　　(D. N.M)
　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

A jury convicted Defendant, Jose Mario Moyers-Saenz, on one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Defendant to 120 months incarceration and 60 months supervised release.

---

[*]　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]　　　After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore submitted without oral argument.

Defendant raises one issue on appeal--the sufficiency of the evidence against him. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

On October 2, 1994, Defendant drove a 1982 pick-up truck into a border patrol check station near Orogrande, New Mexico. A border patrol officer's suspicions were aroused and eventually, after officers uncovered approximately 42 kilograms of cocaine in the pick-up, Defendant was placed under arrest. Defendant claims that the government failed at trial to prove his knowledge of the presence of cocaine in the vehicle, and thus the evidence was insufficient on an essential element of the crime.

When confronted with a sufficiency claim, we consider both direct and circumstantial proof along with all reasonable inferences therefrom in a light most favorable to the government, and determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. Scrivner v. Tansy, 68 F.3d 1234, 1238 (10th Cir.), cert. denied, 116 S. Ct. 1277 (1996). We review neither the determination of witness credibility nor the weighing of testimony. These functions are solely within the province of the jury. United States v. Johnson, 57 F.3d 968, 971 (10th Cir. 1996).

Defendant claims the evidence demonstrated merely that he was driving a vehicle that contained a hidden cache of cocaine and that the government presented no evidence which tended to show Defendant's knowledge. Moreover, he asserts that the degree to which the cocaine was hidden supports his claim that he was ignorant of its presence. However, the border patrol officers unequivocally testified that, upon his arrest,

Defendant stated that "he knew something was in there but he did not know how much." We believe this evidence was sufficient for a jury to conclude that Defendant knew he was transporting cocaine.

Defendant merely asks us to reweigh the evidence and reexamine the jury's determinations of credibility. We will not do so. To the contrary, we are convinced after a review of the record that a reasonable jury could have found, based on the evidence presented at trial, that Defendant was guilty beyond a reasonable doubt as to each and every element of the charged offense. See United States v. Richardson, 86 F.3d 1537, 1545-46 (10th Cir. 1996).

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3