F I L E D
United States Court of Appeals
Tenth Circuit

JAN 14 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CRAIG L. TAYLOR,

       Petitioner-Appellant,

v.

STEVE HARGETT,

       Respondent-Appellee.

No. 97-6038
(D.C. No. 96-CV-1100)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Craig L. Taylor appeals the district court's order adopting the magistrate judge's recommendation to deny his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We deny petitioner's application for a certificate of appealability, see 28 U.S.C. § 2253(c), and dismiss the appeal.

Following a jury trial in an Oklahoma state court proceeding, petitioner was convicted of the crime of robbery with a dangerous weapon after former conviction of two or more felonies. On appeal, he contends that his conviction and sentence are constitutionally infirm because he received ineffective assistance of trial counsel, the prosecutor's comments deprived him of a fair trial, and the evidence was insufficient to establish the use of a dangerous weapon or the existence of his prior convictions.

We first address petitioner's claims of prosecutorial misconduct, which we review de novo. See Nguyen v. Reynolds, No. 96-5254, 1997 WL 693685, *19 (10th Cir. Nov. 7, 1997). "[P]rosecutorial misconduct in a state court violates a defendant's right to a fair trial only if the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). For substantially the reasons as those stated in the magistrate judge's November 27, 1996, supplemental findings and recommendation, we determine that the prosecutor's remarks did not deny petitioner due process.

Petitioner next alleges that he was denied the effective assistance of counsel at trial because his attorney (1) failed to request a record of the jury voir dire, (2) did not make an opening statement, (3) made no objection to the prosecutor's improper remarks, (4) improperly mentioned the possibility of early release, (5) did not call any defense witnesses even though they had been subpoenaed, and (6) failed to contact alibi witness Jewel Davenport. We review de novo the ultimate question of whether a defendant received ineffective assistance of counsel. See Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir. 1995). To establish a claim of ineffective assistance of counsel, petitioner must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner submitted an affidavit from Jewel Davenport dated December 9, 1996, stating that she would have testified at petitioner's trial that he was with her at the time of the robbery. Her affidavit refutes the trial attorney's statement that no witness could provide petitioner with an alibi. Therefore, we examine whether petitioner is entitled to a hearing to resolve the disputed facts.

Petitioner filed his habeas petition on July 10, 1996, after enactment of the Antiterrorism and Effective Death Penalty Act on April 24, 1996. Consequently, he must meet the requirements of § 2254(e)(2) to be entitled to a hearing.

See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (holding new provisions of § 2254 apply to cases filed after Act's effective date).

29 U.S.C. § 2254(e)(2) (1996) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the [federal habeas] court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
> (A) the claim relies on --
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In his state appeal and state postconviction motion, petitioner generally raised the issue of his attorney's failure to present any defense witnesses. He did not identify Jewel Davenport, nor did he claim that she would have provided him an alibi. Therefore, because he failed to develop the factual basis for this claim in the state court proceedings, he must show that he could not have discovered the evidence sooner and that no reasonable factfinder would have found him guilty of the robbery if Ms. Davenport had testified. We hold that he has failed to make the necessary showing. Accordingly, he is not entitled to a hearing. On the

remaining allegations of ineffective assistance of counsel, we conclude that petitioner's trial attorney provided constitutionally effective assistance for substantially the reasons as those stated in the magistrate judge's November 27, 1996, supplemental findings and recommendation.

Finally, we consider petitioner's claims that the evidence was insufficient to establish that he used a deadly weapon and that he had been convicted of two prior felonies. A claim based on sufficiency of the evidence is a mixed question of fact and law to be reviewed de novo on federal habeas. See Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995). We must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Pursuant to Okla. Stat. tit. 21, §§ 791 & 801, the prosecution was required to prove a wrongful taking of personal property of another by force or fear with the use of a dangerous weapon. Petitioner asserts that there was no evidence of a dangerous weapon. The robbery victim testified that petitioner stabbed her with a pair of shears and held them to her neck while he took the money. We hold that

a rational trier of fact could find that petitioner used a dangerous weapon while committing the robbery. We do not address petitioner's claim that the evidence of his prior convictions was insufficient because he did not make any argument or cite any authority to support it. See United States v. Hardwell, 80 F.3d 1471, 1492, reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir. 1996).

APPEAL DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge