F I L E D
United States Court of Appeals
Tenth Circuit

JAN 14 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CORY DEAN LUMAN,

       Plaintiff-Appellant,

v.

DONALD A. DORSEY, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

       Defendants-Appellees.

No. 97-2073
(D.C. No. CIV-94-1313)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore,

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

Petitioner Cory Dean Luman appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On appeal, petitioner asserts (1) ineffective assistance of counsel at sentencing; (2) the district court abused its discretion in improperly considering petitioner's mental health in sentencing in violation of the Fifth and Fourteenth Amendments; and (3) the sentences imposed were disproportionate to the offenses committed thus violating the Eighth and Fourteenth Amendments. We have previously granted a certificate of appealability, we have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## I. Background

Petitioner was charged with eighteen counts of aggravated burglary, aggravated battery, criminal sexual penetration, and kidnaping. The first seven counts arose out of a rape committed against a female victim in her home on or about January 2, 1989. The remaining ten counts related to a rape committed against another female victim in her home on or about January 15, 1992. Petitioner pled guilty to six counts of the indictment and to habitual offender status due to a previous felony conviction for criminal sexual contact of a minor, his niece. In return, the state dismissed the remaining twelve counts of the

indictment. Petitioner was sentenced to nine years' imprisonment on each count to run consecutively plus a one-year enhancement for the habitual offender status for a total of fifty-five years.

## II. Discussion

### A. Standard of Review

In reviewing the denial of a federal habeas corpus petition, we accept the district court's findings of fact unless clearly erroneous, and we review the court's conclusions of law de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996).

### B. Ineffective Assistance of Counsel

Initially, petitioner asserts that he received ineffective assistance of counsel at sentencing when his attorney "recommended the maximum sentence to the court and the facts justified imposition of a lesser sentence." Appellant's Br. in Chief at 11. Petitioner alleges that his counsel should have argued in his favor for some sentencing relief, and his failure to do so constituted ineffective assistance.

A district court decision "that [counsel] was not ineffective is a mixed question of fact and law which we review de novo." United States v. Carter, No. 97-2122, 1997 WL 770595, at *9 (10th Cir. Dec. 16, 1997). The district court's findings of fact underlying the decision, however, are reviewed only for clear

error.  Id.  To prevail on a claim of ineffective assistance, petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and that counsel's deficient performance so prejudiced the proceeding, that absent the alleged errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

Petitioner asserts that counsel made certain statements at sentencing that prejudiced his sentencing, and that without those statements, petitioner would have received a lighter sentence.  He also contends that counsel failed to argue in his behalf.  Specifically, petitioner alleges that counsel's statement to the court that petitioner was "truly sorry, but sorry doesn't cut it with the Court, doesn't cut it with the community," his statement that petitioner "molested a woman in her home and destroyed her feeling of safety before he was apprehended," and his statement that petitioner "should be given the maximum sentence of 55 years," R. Vol. I, tab 8, ex. C-1 at 12-13, so prejudiced the sentencing as to be considered ineffective assistance.

We agree that the statements petitioner refers to in his brief, when read cold and out of context, produce some cause for concern.  When read in the full content of counsel's advocacy at the sentencing hearing, however, counsel's statements, although possibly not "prudent or appropriate," Duvall v. Reynolds, No. 96-6329, 1997 WL 758810, at *3 (10th Cir. Dec. 10, 1997), were nonetheless

-4-

constitutionally permissible. As expanded below, it appears that counsel believed his client would get the presumptive sentence of nine years on each count and that his forthright acknowledgment of the seriousness of the offense could avoid the one-third increase for aggravating circumstances and persuade the court to combine a substantial suspension of sentence with conditions of treatment and counseling.

Even if counsel's remarks at sentencing were to be considered constitutionally deficient performance, however, we determine that petitioner failed to establish that the district court's sentencing decision was prejudiced by counsel's statements, or that, but for counsel's remarks, the sentence would have been different. See Strickland, 466 U.S. at 692-93. The six counts to which petitioner pled guilty were all second degree felonies which in New Mexico carry a basic sentence of nine years. See N.M. Stat. Ann. § 31-18-15(A)(3). This basic sentence can be altered by one-third for mitigating or aggravating circumstances. See id. § 31-18-15.1. Accordingly, when accepting petitioner's plea, the court correctly explained that the sentencing range for each of the counts in the plea was no more that twelve or less than six years.[1] The court further explained to

---

[1] Petitioner erroneously states in his brief that the plea agreement "contemplated a range of imprisonment of six to nine years for each offense." Appellant's Br. in Chief at 20. It is evident that petitioner clearly understood his plea to carry a sentencing range of six to twelve years for each offense, with a

(continued...)

petitioner that his plea carried a presumptive sentence of nine years on each count and that the sentences could run consecutively for a total of fifty-four years. The court also explained that due to a prior conviction, petitioner could receive an additional one-year sentence as an habitual offender. See id. § 31-18-17. As predicted, petitioner was sentenced to fifty-five years' incarceration. It is clear that under the prejudice prong of Strickland, petitioner failed to show that, but for counsel's remarks or omissions, his sentence would have been less.

Petitioner further asserts that counsel failed to argue mitigating factors which could have influenced the sentence in his favor, including his abusive childhood, his emotional problems, the sudden death of his brother, and his need for treatment. On the contrary, our review of counsel's remarks at sentencing indicates that he mentioned all of these factors. See R. Vol. I, tab 8, ex. C-1 at 12-14. Moreover, counsel elicited testimony from Rob Colby, an evaluator with the Forensic Evaluation Service, who specifically requested that the court provide petitioner with mandatory treatment as part of his incarceration. See id. at 7. In addition, counsel elicited testimony from petitioner's father who opined that petitioner needed "help." Id. at 11-12. Counsel then requested that the court

---

[1](...continued)
"presumptive sentence of nine years." Tr. of Plea, May 21, 1992, at 2. Based on the six to twelve year range explained by the court at the time petitioner entered his plea, petitioner's repeated assertions in his brief that the sentencing court imposed the "maximum" sentence is also in error.

suspend all but twenty or twenty-five years of petitioner's sentence conditioned on a five-year probation period during which time he could receive needed therapy and sex abuse counseling within the prison environment with the goal of rejoining the community. See id. at 13-14. In conclusion, we determine that counsel's advocacy at petitioner's sentencing, although perhaps clumsy, did not constitute deficient performance which prejudiced the proceeding, and we therefore reject petitioner's claim of ineffective assistance of counsel.

### C. Mental Health Factors

Next, petitioner alleges that in sentencing him, the court failed to consider mental health factors which contributed to his offenses in violation of his due process rights. Specifically, petitioner alleges that the court should have considered his abusive childhood, the recent untimely death of his brother, and his need for treatment as factors mitigating his sentence.

Initially we note that a sentencing court's failure to consider mitigating factors does not constitute a violation of constitutional rights. See Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995) (no violation of constitutional rights occurs when court does not consider mitigating factors during sentencing in noncapital case). The record indicates that the sentencing court was attentive to the statements of one of the victims, the evaluating psychologist, petitioner's

father, petitioner's counsel, and petitioner, as well as to the prosecution. The court concluded that, although there were usually reasons for the kind of violent behavior of which petitioner was convicted, it also had to consider the need for punishment and the need to protect society.

Moreover, our reading of the court's statements indicate that the court recognized petitioner's need for treatment and recommended that, if possible, he be sent to a facility where treatment was available. Therefore, contrary to petitioner's contentions, we discern no relevant omission in the information provided to the court, or any constitutional breach in the court's consideration of the information provided.

## D. Disproportionate Sentences

Finally, petitioner asserts that, in light of the mitigating mental health factors, the sentences imposed were disproportionate to the offenses committed and excessively punitive. Petitioner argues that the sentences constitute cruel and unusual punishment in violation of the Eighth Amendment. See Solem v. Helm, 463 U.S. 277, 284 (1983) ("cruel and unusual punishments" include "sentences that are disproportionate to the crime committed").

The Supreme Court's proportionality analysis in Solem includes an assessment of "(i) the gravity of the offense and the harshness of the penalty; (ii)

the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." 463 U.S. at 292. In reviewing claims that a sentence is disproportionate to the crime, we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Id. at 290; see also Rummel v. Estelle, 445 U.S. 263, 272 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.").

Here, petitioner does not refute the gravity or violence of his crimes. Although petitioner attempts to compare his sentence to some meted out for murder, he fails to address the sentences imposed for the same crimes in New Mexico or other jurisdictions. We conclude that petitioner has failed to establish that his sentences were disproportionate.[2] Moreover, because petitioner's sentence falls within the prescribed statutory limits, it generally cannot be found to be cruel and unusual punishment. See United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir. 1993).

---

[2] We note that roughly calculating the range of petitioner's sentence under the federal sentencing guidelines reveals that petitioner fares much better under the state sentencing scheme, especially in light of the parole possibility existent in the state scheme.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge