**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BOBBY TRUJILLO,

        Petitioner-Appellant,

v.

RON LYTLE, Warden, Southern New
Mexico Correctional Facility and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 98-2105
(D.C. No. CIV-95-149-HB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bobby Trujillo appeals the district court's dismissal of his petition for a writ habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's application for a certificate of appealability for leave to appeal pursuant to 28 U.S.C. § 2253(c). Because we determine that petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, we deny his application and dismiss the appeal.

On May 2, 1991, petitioner entered a guilty plea to one count of criminal sexual contact with a minor, one count of criminal sexual penetration of a minor, and one count of kidnaping. He was sentenced to twenty-seven years of incarceration followed by two years of parole. Petitioner did not seek to withdraw his plea, nor did he file a direct appeal of his conviction. Through new counsel, however, he filed a motion for reconsideration of his sentence, which was denied on October 24, 1991.

On September 21, 1994, he filed a petition for writ of habeas corpus in state court, which was denied, as was his petition for a writ of certiorari to the New Mexico Supreme Court. In February 1995 petitioner filed a federal habeas petition. The court held an evidentiary hearing, after which the magistrate judge recommended denial of the petition. The district court adopted the magistrate judge's proposed findings and recommendations and denied the petition on March

10, 1998, and denied petitioner's request to issue a certificate of appealability on April 20, 1998.

In his appeal to this court, petitioner alleges that: (1) his guilty plea was not knowingly or voluntarily entered because his counsel gave him false assurances as to the consequences of his plea; and (2) he was deprived of effective assistance of counsel because his counsel did not properly investigate his case and timely notify him of the sentencing proceedings, which precluded the introduction of mitigating circumstances.

We have reviewed the entire record, including the district court's order, the magistrate judge's report and recommendation, and petitioner's brief and application for a certificate of appealability. We agree with the magistrate judge that petitioner has failed to sufficiently rebut his own declarations made at his plea hearing that he understood that he was facing at least eighteen years but not more than thirty years of incarceration and that no one had promised him he would receive anything close to eighteen years or a light sentence. See Rec. Doc. 68, at 3; Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). We also agree that petitioner failed to state sufficient facts to establish that his counsel's alleged failures at

sentencing resulted in an error of constitutional magnitude. <u>See</u> Rec. Doc. 68, at 3-4; <u>Scrivner v. Tansy</u>, 68 F.3d 1234, 1240 (10th Cir. 1995) (failing to afford an opportunity for allocution or to consider mitigating factors at sentencing raises no constitutional error cognizable in a non-capital federal habeas case). We conclude that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we DENY petitioner's application for a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge

-4-