F I L E D

**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OKAL NATHAN WILLIAMS,

      Petitioner - Appellant,

v.

TWYLA SNIDER; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 98-6432
(D.C. No. 97-CV-1989-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Okal Nathan Williams, pro se, appeals the district court's denial of his

habeas petition and requests a certificate of appealability. We deny his request

for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

An Oklahoma jury convicted Williams on two separate charges of Robbery

with a Firearm ("Homeland store robbery") and Robbery in the First Degree

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

("Comfort Inn robbery"). The Oklahoma Court of Criminal Appeals affirmed Williams's conviction for Robbery in the First Degree. The court, however, concluded there was insufficient evidence to support the conviction for Robbery with a Firearm. The court then entered judgment for the lesser offense of Robbery in the First Degree in connection with the Homeland store robbery. The district court denied Williams's petition for habeas relief filed pursuant to 28 U.S.C. § 2254, and his subsequent request for a certificate of appealability.

Williams argues that his trial counsel was constitutionally ineffective for failing to seek severance of the two unrelated robbery charges and to object to a number of evidentiary rulings by the Oklahoma state trial court, including the admission of hearsay testimony and an eyewitness identification, as well as evidence of other crimes. Williams also presents his joinder and evidentiary claims as substantive grounds for habeas relief. He further contends that the state trial court erred when it failed to instruct the jury about the loss or destruction of evidence, and refused to grant a new trial based on the state's failure to prove all elements of the charge of Robbery with a Firearm. Williams asserts that cumulatively, these alleged trial errors warrant habeas relief.

To prevail on his ineffective assistance of counsel claim Williams must first show that his counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Upon

review of the record, we conclude that Williams fails to carry this burden. Indeed, the record shows that the counsel's failure to seek severance of the two robbery charges does not necessarily amount to ineffective assistance, because counsel may have reasonably believed that joinder would allow him to exploit conflicting testimony by witnesses to both the Homeland store and Comfort Inn robberies.

For the same reason, we reject Williams's argument that his counsel was ineffective by failing to object to the testimony of a witness who identified Williams as the Homeland store robber. On cross-examination, the witness testified that at the pretrial hearing, she had in fact identified someone other than Williams as the robber, but that shortly before trial, the prosecutor told her she had identified the wrong man. Counsel's attempt to show to the jury that the witness's testimony was unreliable because of impermissibly suggestive information from the prosecution offers a reasonable explanation for his failure to object. Thus, we conclude that Williams's ineffective assistance of counsel claims do not present a substantial constitutional issue.

A review of the record also shows that counsel's failure to object to admission of hearsay testimony by a police officer was part of a strategy to highlight the conflicting testimony about the description of the car used by the Homeland store robber. Moreover, Williams's girlfriend, who testified at trial

and was available for cross-examination, corroborated the testimony of the hearsay declarant.

We also find no merit in Williams's substantive argument that joinder of the two robbery charges and the court's various evidentiary rulings rendered his trial constitutionally unfair. Even if it were improper under state law, the joinder was not a constitutional violation, because it did not prejudice Williams's right to a fair trial. See Lucero v. Kerby, 133 F.3d 1299, 1313-14 (10th Cir. 1998). We similarly conclude that Williams has failed to show how the admission of the eyewitness identification or the hearsay testimony, when viewed in light the totality of evidence adduced by the prosecution, violated his right to a fair trial.

Williams claims that the court's refusal to instruct the jury about the loss or destruction of evidence warrants habeas relief. None of the evidence at issue, however, including items of clothing and a photograph of a car owned by Williams's girlfriend, was exculpatory. The evidence, in fact, tended to bolster the government's case. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) (stating that only when a jury instruction is "so fundamentally unfair as to cause denial of a fair trial" may it form the basis for federal habeas relief).

We are unpersuaded by Williams's argument that the introduction of evidence about other crimes requires habeas relief. While questioning a witness, the prosecution referred to a coat that was discovered on the scene of a bank

robbery. The defense immediately interposed an objection and requested a mistrial, noting that the judge had ruled against any mention of the bank robbery. The judge cautioned the prosecutor about making references to the bank robbery. But he refused to grant the defense motion for mistrial because the prosecutor's comment was inadvertent. Viewing the trial as a whole, we conclude that neither the prosecutor's comments nor the testimony of the witness served to deprive Williams of the basic guarantees of due process. See Scrivner v. Tansy, 68 F.3d 1234, 1239-40 (10th Cir. 1995).

Williams also argues that when the Oklahoma Court of Criminal Appeals determined that there was insufficient evidence to support a conviction for robbery with a firearm, it should have ordered a new trial and not merely reduced his conviction to the lesser offense of robbery in the first degree. The Supreme Court has noted with approval, however, the practice of curing an erroneous conviction of a greater offense by directing entry of judgment for a lesser included offense when the grounds for reversal affect only the greater offense. See Rutledge v. United States, 517 U.S. 292, 306 (1996). This practice is proper where, as here, there is no showing that "'but for the improper inclusion of the [erroneous] charge, the result of the proceeding would have been different.'" Id. (quoting Morris v. Matthews, 475 U.S. 237, 246-47 (1986)).

Williams's final argument that the cumulative effect of the state court's errors supports his petition for habeas relief fails.  Even if the admission of hearsay evidence constituted constitutional error, such error would be clearly harmless.  Moreover, unless more than one error occurred at trial, an alleged cumulative effect of trial error cannot be the basis for habeas relief.  See Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997).  Cumulative error analysis "does not apply . . . to the cumulative effect of non-errors."  Id.

Concluding that there is no merit to any of the claims Williams raises and that he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability.

**DISMISSED.**   The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge