**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RENESE BRAMLETT,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-5079
(D.C. No. 4:20-CV-00537-JFH-CDL)
(N.D. Okla.)

_____

**ORDER**

_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

Mr. Renese Bramlett was convicted of first-degree murder. The prosecution didn't seek the death penalty, so a life sentence was mandatory; but the jury could include the possibility of parole or deny that possibility. The jury opted to deny the possibility of parole.

Mr. Bramlett unsuccessfully pursued state-court remedies (including a direct appeal and post-conviction appeal) and petitioned in federal district court for a writ of habeas corpus. In his federal habeas petition, he claimed in part that Oklahoma's statutory procedure had violated his right

to due process.[1] The district court rejected the habeas claim, and Mr.

Bramlett wants to appeal.

He not only renews his habeas claim for denial of due process, but

also asserts a new claim: ineffective assistance of counsel for failing to

object to the prosecutor's closing argument.

I.      **The state-law claim doesn't provide an arguable basis for habeas relief.**

Because Mr. Bramlett seeks to attack the "process issued by a State

court," he can appeal only upon the issuance of a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). We can issue a certificate only if

Mr. Bramlett made a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To assess the strength of that showing, we

consider whether reasonable jurists could "find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Bramlett invokes the Fourteenth Amendment's due process

clause based on the State's opportunity to present evidence in aggravation

---

[1]     Mr. Bramlett also claimed misconduct by the prosecutor for
appealing to sympathy. The state appellate court rejected this claim under
the plain-error standard, and the federal district court held that the state
appellate court's decision was not contrary to clearly established federal
law or an unreasonable application of a clearly established right. Here Mr.
Bramlett doesn't renew his claim for prosecutorial misconduct. But he does
allege ineffective assistance of his trial attorney for failing to object to the
prosecutor's remarks.

and the defendant's inability to present evidence in mitigation. Okla. Stat. tit. 21 § 701.10-1(A). We must consider the debatability of this claim based on the underlying statutory restrictions for habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that when deciding whether to grant a certificate of appealability, the Court "look[s] to the District Court's application of [The Antiterrorism and Effective Death Penalty Act] to petitioner's constitutional claims."). These statutory restrictions would prevent habeas relief in the absence of (1) a clearly established constitutional right as determined by the Supreme Court or (2) an unreasonable determination of facts. 28 U.S.C. § 2254(d).

The federal district court rejected Mr. Bramlett's claim, reasoning that the Supreme Court has never recognized a constitutional right to present mitigating evidence in non-capital cases. We agree with this reasoning to the extent that it bears on part of Mr. Bramlett's habeas claim. The Supreme Court has rejected Eighth Amendment claims involving the inability to present mitigating evidence in noncapital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991) (regarding an Eighth Amendment challenge to a sentence of life imprisonment based on the failure to consider mitigating factors); *Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (O'Connor, J., concurring) ("We have not held that the Eighth Amendment's requirement that the jury be allowed to consider and give effect to all relevant mitigating evidence in capital cases . . . applies to

3

noncapital cases."). To date, the Supreme Court has not addressed whether due process entitles noncapital defendants to present mitigating evidence. So no jurist could reasonably find a Supreme Court precedent that clearly establishes a right under the Due Process Clause to present mitigating evidence in noncapital cases.[2]

But Mr. Bramlett's claim goes beyond his inability to present mitigating evidence. He claims that Oklahoma law unfairly allows the State to present aggravating evidence while disallowing a comparable right for defendants to present mitigating evidence.

The state statute exists as part of Oklahoma's procedure for bifurcating criminal cases when the prosecutor seeks enhancement of a sentence based on prior felony convictions. *Mahdavi v. State*, 478 P.3d 449, 462 (Okla. Crim. App. 2020) (Kuehn, V.P.J., concurring in the result). The state procedure authorizes bifurcation of criminal cases when the prosecution has a right to present evidence of prior felony convictions. Okla. Stat. tit. 21 § 701.10-1(a). Through bifurcation, the procedure is designed to prevent prosecutors from using prior felony convictions during the guilt phase of a criminal trial.

---

[2]    We've held that the right to due process does not entitle defendants in noncapital cases to present mitigating evidence. *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995).

4

To determine whether this procedure triggers a denial of due process, we consider whether the procedure "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Medina v. California*, 505 U.S. 437, 445 (1992) (quoting *Patterson v. New York*, 432 U.S. 197, 202 (1977)). We thus apply this standard to the state's procedure for bifurcation when prior felony convictions are inadmissible at the guilt stage and admissible for sentencing.

Under the state procedure, the prosecution can present only evidence of prior felony convictions; the statute does not authorize prosecutors to present other forms of aggravating evidence. *See Mahdavi*, 478 P.3d at 462 (Kuehn, V.P.J., concurring in results) (stating that the law limits the State "to presenting a limited category of evidence — prior convictions"). The United States Supreme Court has never considered whether a bifurcated procedure like this one would offend a deep-rooted tradition or otherwise trample on a fundamental right. Given the absence of a Supreme Court precedent that clearly establishes this constitutional right, Mr. Bramlett's proposed appellate argument isn't reasonably debatable. So we deny a certificate of appealability on Mr. Bramlett's argument involving his inability to present mitigating evidence when the State presents evidence of prior felony convictions.

**II.    Any jurist would regard the claim of ineffective assistance as procedurally barred.**

Mr. Bramlett alleges ineffective assistance of counsel for failure to object to the State's closing argument. Ordinarily a habeas petitioner must exhaust state court remedies, and Mr. Bramlett hasn't raised this claim in the state court of appeals. *See* 28 U.S.C. § 2254(b)(1)(A). So the claim is technically unexhausted.

But exhaustion would be futile because Mr. Bramlett has already pursued state-court remedies involving both a direct appeal and a post-conviction appeal. And if Mr. Bramlett were to present the claim now, it would be procedurally barred. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007). So the claim is subject to an anticipatory procedural bar. *See id.*

Given the anticipatory procedural bar, we could consider the merits of the claim only if Mr. Bramlett satisfies the requirements for one of two exceptions: (1) cause and prejudice or (2) a fundamental miscarriage of justice based on actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Bramlett has not invoked either exception.

Given the anticipatory procedural bar, no reasonable jurist could credit the petitioner's appeal point on the claim of ineffective assistance.

\*\*\*

6

Because Mr. Bramlett's habeas claims aren't reasonably debatable, we deny his request for a certificate of appealability. In the absence of a certificate, we dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge