**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THEODORE SMITH,

        Petitioner-Appellant,

v.

KEN KLINGER,

        Respondent-Appellee.

No. 98-6012
(D.C. No. CIV-97-583-A)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the district court's order denying petitioner-appellant Theodore Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before us on Mr. Smith's motion for a certificate of appealability (COA). In order to receive a COA, Mr. Smith must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

Mr. Smith was convicted in Oklahoma state court of several counts involving the passing of bad checks. After exhausting his state remedies, he pursued this habeas action in federal district court. The magistrate judge assigned to the case recommended that his petition be denied. After considering Mr. Smith's objections, the district court adopted the magistrate judge's recommendations, made additional findings, and denied Mr. Smith's petition.

Mr. Smith first argues that he was arrested illegally, without probable cause, in violation of the Fourth and Fourteenth Amendments. He asserts that the state court improperly failed to suppress the evidence resulting from his illegal arrest. Where a state has provided opportunity for full and fair litigation of Fourth Amendment claims, a state prisoner may not be granted habeas corpus

relief on the grounds that evidence obtained through illegal search and seizure was introduced at his trial.    See Stone v. Powell , 428 U.S. 465, 494 (1976).

The district court found that Mr. Smith had a full and fair opportunity to litigate his Fourth Amendment claim in state court.  Mr. Smith argues that he was denied such an opportunity because his attorney failed to appear at a suppression hearing.  That claim is properly viewed as an assertion of ineffective assistance of counsel with respect to Mr. Smith's Fourth Amendment issue.  Such claims are cognizable in federal habeas proceedings, notwithstanding the rule in        Stone . See Kimmelman v. Morrison  , 477 U.S. 365, 382-83 (1986).

Mr. Smith bears a demanding burden in asserting his ineffectiveness        claim, however.  He must show not only that his underlying Fourth Amendment claim was meritorious, but also that his attorney's ineffectiveness deprived him of a fair trial.  See id. at 382.  Mr. Smith does not describe what evidence was seized as the result of his allegedly illegal arrest, or how the introduction of this evidence prejudiced him.   See United States v. Owens  , 882 F.2d 1493, 1501 (10th Cir. 1989) (petitioner asserting ineffective assistance with regard to Fourth

Amendment claim must make affirmative showing of prejudice). [1] He is not therefore entitled to a COA on this issue.

Mr. Smith further asserts that his attorney was ineffective (1) in failing to conduct an investigation; (2) in failing to object to a witness's statement at trial on hearsay grounds; (3) in failing to call a handwriting expert; (4) in failing to prepare an alibi defense; (5) in failing to call the arresting officers as witnesses to his illegal arrest, and concerning the search of a motor vehicle; and (6) in failing to appear at a hearing where he could have argued against use of prior bad acts and other improper evidence against Mr. Smith. We have reviewed the record and the district court's analysis of these issues, and we agree with the district court that Mr. Smith has failed to demonstrate that his counsel was constitutionally ineffective.

In his next issue, Mr. Smith argues that the state court erroneously failed to submit an alibi instruction to the jury. He argues that he could not have committed two of the crimes charged, because he was in police custody when they occurred. Mr. Smith carries the heavy burden on this issue of showing that the

---

[1] Mr. Smith further argues that he is entitled to an evidentiary hearing with respect to this claim. His failure to make more than conclusory allegations of prejudice also means that he fails to show that the facts underlying his claim "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). He is therefore not entitled to an evidentiary hearing.

omission of an alibi instruction resulted in a trial which was fundamentally unfair in a constitutional sense.    See Lujan v. Tansy , 2 F.3d 1031, 1035 (10th Cir. 1993).

Testimony at trial showed that police took Mr. Smith into custody prior to 7:45 p.m. on November 13, 1993. Count Two charged him with attempting to cash a bad check at Homeland Grocery in Duncan, Oklahoma on that date. Mr. Jackson, Homeland's assistant manager, testified that he "believed" Mr. Smith and Mr. Bivens were in his store at "around" 8:00 p.m. State R. Vol. III at 417. Count Three charged Mr. Smith with cashing a bad check at Super H in Duncan, also on November 13, 1993. Margie Stallons, an office clerk at Super H, testified that Mr. Smith and Mr. Bivens were "probably" in the store around 8:30. Id. at 446. She based this estimate on the store's closing time of 9:00, reasoning that the defendants were there "around closing time probably."      Id.

Mr. Smith rests his alibi theory on the discrepancy between the time of his arrest and the time the witnesses estimated that the crimes occurred. The witnesses merely gave estimates of the time of the crimes, however, making it entirely possible for Mr. Smith to have participated in the commission of the crimes. In light of the other evidence tying Mr. Smith to the crimes charged in Counts Two and Three, he fails to show that failure to give an alibi instruction resulted in a fundamentally unfair trial.

Mr. Smith also recasts this issue on appeal as a challenge to the sufficiency of the evidence to convict him on Counts Two and Three. He did not present this sufficiency of evidence issue to the state courts; however, we may still reach and deny it on the merits. See 28 U.S.C. § 2254(b)(2). [2] A sufficiency of the evidence claim presents a mixed question of law and fact which we review de novo on federal habeas review. See Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995). [3] For the same reasons discussed above in the context of his jury instruction challenge, we determine that Mr. Smith fails to show that a rational trier of fact could not have found him guilty beyond a reasonable doubt of Counts Two and Three.

---

[2]     Strictly speaking, this issue is also barred because Mr. Smith has raised it for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 300 n.8 (10th Cir. 1994). We do consider it, however, because it fails for much the same reason as Mr. Smith's jury instruction challenge.

[3]     Normally, in a post-AEDPA case like this one, the state court's application of the Jackson standard would circumscribe the scope of our review. See 28 U.S.C. § 2254(d). Since Mr. Smith did not present this claim to the state court, however, our review is not measured by the state court finding.

Mr. Smith next claims that the state withheld exculpatory information from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). In order to establish a Brady violation, the defendant must show that the prosecution suppressed evidence; that the evidence was favorable to the defendant; and that the evidence was material. See United States v. Woodlee, 136 F.3d 1399, 1411 (10th Cir.), petition for cert. filed (U.S. May 22, 1998) (No. 97-9239). Mr. Smith argues that the prosecution improperly suppressed evidence of the results of a handwriting analysis conducted by the state's expert. He argues that this analysis excluded him as the endorser of the bad checks.

The record does not support this claim. The state's attorney informed the district court at trial that the handwriting analysis had been inconclusive. He therefore declined to call the handwriting expert as a state's witness. The state's attorney also noted that he had provided this information to Mr. Smith's counsel. Mr. Smith's counsel did not challenge these statements by the state's attorney. Thus, Mr. Smith fails to show that the state suppressed evidence favorable to him. [4]

---

[4] Mr. Smith now insists that the test was not inconclusive, that it excluded him as the endorser of the bad checks. He presents no evidence to support this claim, however, other than an affidavit which he signed and presented for the first time with his objections to the magistrate judge's recommendations. Mr. Smith contends in his affidavit that a previous counsel who represented him prior to trial told him that he had seen the results of the handwriting analysis and that Mr.

(continued...)

-7-

Finally, Mr. Smith argues that his appellate counsel was ineffective in failing to raise the following issues: (1) ineffective assistance of trial counsel; (2) suppression of exculpatory evidence; and (3) use of false evidence or testimony at his trial. The Oklahoma Court of Criminal Appeals concluded that Mr. Smith had failed to show that his appellate counsel was constitutionally ineffective. Mr. Smith fails to show that this determination either is contrary to established federal law as determined by the United States Supreme Court, or is based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d).

Mr. Smith's motion for a COA is DENIED, and his appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[4](...continued)
Smith had passed the test. In state court, however, Mr. Smith specifically argued that the test was inconclusive, not that it excluded him. His belated, self-serving affidavit is not sufficient to win him an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).