**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRIN BREWER, SR.,

       Petitioner-Appellant,

v.

JESSE SUTTER, JR.;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents-Appellees.

No. 09-5010
(D.C. No. 08-cv-0415-CVE-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

       Petitioner-Appellant, Darrin Brewer Sr., seeks leave to appeal the district

court's denial of his petition for habeas corpus brought pursuant to 28 U.S.C.

§ 2241.[1] The district court dismissed Mr. Brewer's petition because it was barred

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although Mr. Brewer initially filed his petition pursuant to 28 U.S.C.
§ 2254, this court agrees with the district court that, since this petition challenges
his parole revocation and not his underlying conviction, it is more appropriately
treated as a petition under § 2241. See United States v. Furman, 112 F.3d 435,
438 (10th Cir. 1997) (noting that issues concerning "parole procedure[] go to the

(continued...)

by the statute of limitations and denied his request for a certificate of appealability ("COA"), but granted him leave to proceed in this court in forma pauperis. The district court wrote a careful and thorough opinion, and, for the reasons stated by the district court, we deny Mr. Brewer's request for a COA and dismiss this appeal.

Under 28 U.S.C. § 2253(c)(1)(A), a petitioner seeking to appeal a district court's denial of his 28 U.S.C. § 2241 petition challenging his incarceration in state prison must first obtain a COA. See Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). In order to obtain a COA, a petitioner seeking to appeal a district court's decision that his habeas petition is barred by a procedural defect must "demonstrate that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In this case, the district court's ruling was based on a procedural defect—the court held that Mr. Brewer's request was barred by the statute of limitations. This court denies Mr. Brewer's request for a COA because "jurists of reason" would not find the procedural defect in this case debatable.

---

[1](...continued)
execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

In his petition before this court, Mr. Brewer argues for the first time that the statute of limitations should not bar his petition because he received ineffective assistance from the inmate legal team at the Northeast Oklahoma Correctional Center ("NEOCC"). This court has previously held that ineffective assistance of appellate counsel will not generally toll the statute of limitations under 28 U.S.C. § 2253(c)(1)(A). See Jones v. Kaiser, 8 Fed. Appx. 887, 889, 2001 WL 303527, *2 (10th Cir. May 29, 2001) (noting that "there is no constitutional right to counsel in post-conviction proceedings . . . . [so] the fact that a habeas petitioner was unaware of the statute of limitations is not sufficient to warrant equitable tolling") (citation omitted). We see no reason to take a different approach in this case, even if the advice Mr. Brewer received from the inmate legal team at NEOCC contributed to the untimeliness of this petition.

For the foregoing reasons, we **DENY** Mr. Brewer's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge