FILED
United States Court of Appeals
Tenth Circuit

April 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRANDON MATTHEW McCAIN,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

Respondent - Appellee.

No. 14-6176
(D.C. No. 5:13-CV-00528-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Brandon Matthew McCain, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. We deny Mr. McCain's request for a COA and dismiss the appeal. We deny his application to proceed on appeal without prepayment of costs or fees.

**I. Background**

In 2010, Mr. McCain was convicted by an Oklahoma state-court jury of robbery with a dangerous weapon. The evidence presented at trial showed that two

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

men wearing black clothes and face masks entered Spivey's convenience store in Elk City, Oklahoma. One of the men approached the store clerk with a gun in his hand and told him to get down on the ground. Thinking it was a prank, the store clerk did not immediately comply, and the man with the gun struck him in the face. The store clerk then obeyed the man's second command to get down on the ground. The same man said something like, "James, get the cash or money." Trial Tr. at 302. After taking money from the register, the men left the store. The incident lasted about 30 seconds.

At approximately the same time as the robbery at Spivey's, the Elk City Police Department received a telephone call reporting an accident in another part of town. The police later determined that no such accident had occurred, and they concluded the call was intended to divert officers from the part of town where the robbery was being committed at Spivey's.

The Elk City police did not immediately have any suspects in the Spivey's robbery. Their investigation of a burglary at a different Elk City business, L&R Tire, led to the arrest of Brian Houser and Paul Wyble. While they were being booked for that offense, one of the police officers recognized Mr. Houser's voice as sounding like the person who had called in the fake accident report at the time of the Spivey's robbery.

Mr. Houser agreed to speak to the Elk City police about various unsolved crimes. He admitted his participation in the L&R Tire burglary and in using a stolen

credit card at Wal-Mart. Mr. Houser also admitted being the getaway driver in the Spivey's robbery and making the fake accident report, but he denied direct participation in that crime. He eventually identified Mr. Wyble and Mr. McCain as the two men who entered Spivey's and robbed the store. Mr. Houser testified at Mr. McCain's trial.

Mr. McCain was tried on a charge of robbery with a dangerous weapon. His first trial ended in a mistrial, but he was found guilty in a second trial and sentenced to thirty years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. McCain's conviction on direct appeal. The OCCA also affirmed the state trial court's denial of post-conviction relief.

Mr. McCain filed an application for habeas relief under 28 U.S.C. § 2254. Applying the deferential review mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2254(d)(1)-(2), the district court held that the OCCA's rulings on Mr. McCain's claims did not unreasonably apply clearly established federal law, nor were they based on an unreasonable determination of the facts. The court therefore denied habeas relief.

## II.     Standards of Review

In order to obtain a COA, Mr. McCain must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether to issue a COA, we limit our examination to "a threshold inquiry into the underlying merit of [the applicant's] claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Our standard of review depends on whether the district court decided a claim on the merits or dismissed it on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In this case, where the district court denied Mr. McCain's constitutional claims on the merits, to obtain a COA he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Because Mr. McCain proceeds pro se, we liberally construe his application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

## III. Discussion

Mr. McCain raises three constitutional claims in his application for a COA: (1) the evidence was insufficient to find him guilty beyond a reasonable doubt of robbery with a dangerous weapon; (2) he was denied a fair trial by the introduction of evidence of other crimes; (3) his trial counsel was ineffective in failing to request a limiting instruction on the use of evidence of other crimes.[1]

### A. Sufficiency of the Evidence

Mr. McCain contends the evidence was insufficient to convict him of robbery with a dangerous weapon. The OCCA rejected this claim on the merits in his direct

---

[1] Mr. McCain includes four issues in his application for a COA, but we construe his first and fourth issues as raising the same claim of error. In addition, he states that he is not seeking a COA on his claim of ineffective assistance of appellate counsel, yet he asks this court to review that claim. We cannot do so because "[a] COA is a prerequisite to appellate jurisdiction in a habeas action." *Frost v. Pryor*, 749 F.3d 1212, 1222 (10th Cir. 2014).

appeal.  The district court held that the OCCA reasonably applied the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979), under which evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *id.* at 319.  After reviewing the elements of the offense of robbery with a dangerous weapon under Oklahoma law, the district court noted that the evidence included Mr. Houser's testimony, physical evidence linking Mr. McCain to the crime, and Mr. McCain's own incriminating statements made during phone calls from jail.  Although Mr. McCain's testimony contradicted Mr. Houser's, the court concluded that a rational trier of fact could have found that Mr. McCain was one of the two men who robbed Spivey's.  The district court held that the OCCA's ruling on this claim was neither contrary to, nor an unreasonable application of, federal law; nor was it based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d).

Mr. McCain argues that, because Oklahoma law requires corroboration of an accomplice's testimony, his conviction cannot be based on Mr. Houser's uncorroborated testimony.  He maintains that, without Mr. Houser's self-serving testimony, the remaining evidence is insufficient to support his conviction, even when viewed in the light most favorable to the prosecution.

But as the district court held, Mr. McCain's reliance on a state-law corroboration requirement is misplaced because such laws "do not implicate

- 5 -

constitutional concerns that can be addressed on habeas review." *Scrivner v. Tansy*, 68 F.3d 1234, 1239 (10th Cir. 1995) (internal quotation mark omitted). Rather, "[t]he Constitution does not prohibit convictions based primarily on accomplice testimony." *Id.* "A jury may convict based on the uncorroborated testimony of [an accomplice] so long as the testimony is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt." *Id.* (internal quotation marks and brackets omitted). Although Mr. McCain points to other evidence contradicting Mr. Houser's testimony, he does not show that the testimony was incredible on its face. And while he attacks the persuasive value of the physical evidence linking him to the crime, he ignores his own incriminating statements made during phone calls from jail, which the district court also cited.

The OCCA held there was sufficient evidence to support Mr. McCain's conviction. Applying deferential review under AEDPA, the district court denied habeas relief. We deny a COA because Mr. McCain has now shown that the district court's disposition of this claim is debatable by reasonable jurists.

### B.      Introduction of Evidence of Other Crimes

Mr. McCain contends the admission of evidence of other crimes committed by Mr. Houser and Mr. Wyble—specifically evidence regarding the burglary of L&R Tire and use of a stolen credit card at Walmart—denied him a fair trial because it was unduly prejudicial. The OCCA rejected this claim of error in his direct appeal, applying a plain error standard of review because he did not object to admission of

the evidence. It held there was evidence Mr. McCain was involved in the use of the stolen credit card, but the evidence did not implicate him in the L&R Tire burglary. The OCCA concluded Mr. McCain failed to show plain error because his own counsel referenced these two incidents in his opening statement and later questioned prosecution witnesses about Mr. McCain's involvement in the two crimes. Thus, it concluded any error was invited error.

The district court noted that a state court's evidentiary ruling will not be disturbed on habeas review unless the defendant shows a denial of due process. *See Scrivner*, 68 F.3d at 1240 ("We will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." (internal quotation marks and brackets omitted)). The court emphasized that Mr. McCain testified about his criminal history at his trial, admitting that he had stolen a credit card and used it at a local business. In addition, it reasoned that evidence regarding the L&R Tire burglary was relevant because it explained how the police linked Mr. Houser to the fake accident report during the Spivey's robbery. The district court concluded the asserted evidentiary error did not violate Mr. McCain's right to due process by rendering his trial fundamentally unfair. It therefore held that Mr. McCain failed to show the OCCA's decision was based on an unreasonable determination of the facts or an unreasonable application of federal law.

Mr. McCain asserts that the jury used the evidence regarding the L&R Tire burglary and the stolen credit card for the improper purpose of showing his propensity to commit similar crimes and establishing that he acted in conformity with these other offenses. He claims the evidence confused and misled the jury, and its probative value was substantially outweighed by is prejudicial effect on his right to a fair trial. But Mr. McCain does not address his failure to object to the evidence, his own counsel's introduction of the evidence to the jury, his testimony admitting that he was guilty of using a stolen credit card, the lack of evidence implicating him in the L&R Tire burglary, or the district court's rationale for concluding the evidence regarding that burglary was relevant. We deny a COA because Mr. McCain has not shown that reasonable jurists would debate the district court's disposition of this claim.

### C. Ineffective Assistance of Counsel

Mr. McCain contends his trial counsel was ineffective in failing to seek a limiting instruction on the jury's use of the evidence regarding the L&R Tire burglary and the stolen credit card. The OCCA rejected this claim on the merits in Mr. McCain's direct appeal. The district court held that the OCCA reasonably applied the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a defendant must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense," *id.* at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for

- 8 -

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The district court agreed with the OCCA that Mr. McCain failed to show he had been prejudiced by the alleged error. It reasoned that, even if his counsel had requested a limiting instruction, there was sufficient evidence for the jury to convict him of robbery with a dangerous weapon.

Mr. McCain again argues that the jury could have improperly used the evidence of the other crimes as substantive evidence of his guilt. He maintains that, in light of the substantial volume of evidence presented regarding these other crimes, as compared to the relative lack of evidence connecting him to the Spivey's robbery, there is a reasonable probability he would not have been convicted had the jury been given a limiting instruction. But contrary to Mr. McCain's assertion, the evidence supporting his guilt—*including* Mr. Houser's testimony—was not so scarce that there is a reasonable probability of a different outcome had the jury been so instructed. We deny a COA because Mr. McCain fails to show that the district court's disposition of this claim is debatable by reasonable jurists.[2]

---

[2]     We decline to address an additional claim that Mr. McCain attempts to raise in his application for a COA. He asserts that the district court denied him due process by ruling on his habeas application without referring it to a magistrate judge for a report and recommendation, to which he could have filed objections. But his self-described due process argument is not sufficiently developed to allow for meaningful appellate review. *See Perry v. Woodward,* 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating court "will not craft a party's arguments for him"); *see also Murrell v. Shalala,* 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (reiterating "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by

(continued)

- 9 -

## IV. Conclusion

We deny Mr. McCain's application for a COA and dismiss the appeal. We deny his application to proceed without prepayment of costs or fees, and Mr. McCain is directed to immediately pay the full amount of the filing fee.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

---

some effort at developed argumentation, are deemed waived" (internal quotation marks omitted)).